IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2018

## STATE OF TENNESSEE v. NATHAN TODD COOKE

**Appeal from the Circuit Court for Van Buren County**
**No. 2899M   Larry B. Stanley, Jr., Judge**

_____

## No. M2017-01947-CCA-R3-CD

_____

JOHN EVERETT WILLIAMS, P.J., concurring

While I agree with the majority's conclusion that the officer's actions were a proper exercise of the community caretaking function, I disagree with the majority's holding that the Defendant was not seized when the officer approached the Defendant with activated blue lights. Without a seizure, there would be no need for the officer's actions to be deemed the exercise of the community caretaking function.

The majority's analysis focuses upon the officer's observations and on his reasons for pulling over and interacting with the Defendant. I agree that this is the proper analysis in determining whether the community caretaking doctrine applies to render a seizure reasonable. *See State v. McCormick*, 494 S.W.3d 673, 685 (Tenn. 2016) (recognizing that community caretaking doctrine may validate a seizure as reasonable and "'is not relevant to determining whether police conduct amounted to a seizure in the first place'") (quoting *People v. Luedemann*, 857 N.E.2d 187, 199 (Ill. 2016)).

However, I do not believe such an analysis is appropriate in determining whether a seizure has occurred. In determining whether a seizure has occurred, as the majority notes, courts must examine whether a reasonable person in Defendant's position would have believed that he or she was not free to leave in view of all of the circumstances surrounding the incident. *See State v. Daniel*, 12 S.W.3d 420, 425 (Tenn. 2000). "In order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether police conduct would have communicated to a reasonable person that the person was not free to decline the officer's request or otherwise terminate the encounter." *Id.* (quotations omitted).

The video recording of the incident shows the officer driving down a four-lane roadway when he came upon a motorcycle, with its emergency lights flashing, parked on or near the left side yellow line. The officer did not stop behind the motorcycle. Rather, the officer drove up to the motorcycle with his blue lights activated, drove around the motorcycle, and began following the Defendant as the Defendant was walking on the left side of the road. The officer continued following the Defendant in the patrol car with his blue lights flashing until the Defendant raised his arms, indicating surrender, disgust or aggravation, and turned around and walked back to the patrol car. While the officer activated his lights and followed the Defendant with the intention of securing the safety of the Defendant and other drivers, the determination of whether an interaction constitutes a seizure must be evaluated from the point of view of a reasonable person in the position of the Defendant and not the officer. I conclude that the officer's conduct in continuing to follow the Defendant down the road while in a patrol car with the blue lights flashing until the Defendant turned around and approached the officer would have communicated to any reasonable person that the person was not free to terminate the encounter. The person was not free to leave the scene by continuing to walk away or entering another vehicle. I conclude that the Defendant was seized.

The actions of the Tennessee Highway Patrolman depicted in this video were reasonable, courteous and professional. I agree with the majority that the seizure was reasonable based upon the application of the community caretaking doctrine. I also agree with the majority's conclusion that the trial court properly denied the Defendant's motion to suppress. I join in the majority opinion in all respects, except the issue of the seizure.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE